**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-30078 |
| Plaintiff - Appellee, | 17-30079 |
| v. | D.C. Nos. 9:08-cr-00038-DWM |
| | 9:10-cr-00001-DWM |
| DONALD JOSEPH SCHWINDT, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 18, 2017[**]

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

In these consolidated appeals, Donald Joseph Schwindt appeals the seven-

month concurrent sentences imposed following the revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Schwindt argues that the district court erred when it determined that he had violated supervised release by committing criminal trespass under Montana Code Annotated section 45-6-203. He contends that this error resulted in a substantively unreasonable sentence. The government rightly concedes that, because it presented no evidence that the land was posted, it did not establish that Schwindt had criminally trespassed. *See State v. Trujillo*, 180 P.3d 1153, 1156 (Mont. 2008). We nevertheless affirm.

Schwindt admits that the court correctly calculated the Guidelines range on the basis of his commission of another Grade C violation. There is no evidence in the record that the district court relied upon the trespass violation in reaching its sentencing decision. Instead, the court found that the seven-month sentence was appropriate because of Schwindt's repeated failure to abide by the terms of his supervised release despite his probation officer's guidance. Under these circumstances, the court's error with respect to the trespassing violation was harmless. Moreover, the below-Guidelines sentence was substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**